# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD RODRIGUEZ,** : | CIVIL ACTION NO. 1:10-CV-0727 |
| Petitioner, : | (Judge Conner) |
| v. : | |
| **B.A. BLEDSOE,** : | |
| Respondent : | |

## **ORDER**

AND NOW, this 15th day of June, 2010, upon consideration of the report (Doc. 8) of the magistrate judge recommending that the petition (Doc. 1) for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed because petitioner Richard Rodriguez ("Rodriguez") failed to adequately exhaust his administrative remedies, and because Rodriguez's request for relief is without merit, and, following an independent review of the record, it appearing that Rodriguez has not exhausted his administrative remedies, and that Rodriguez is not entitled to relief under the Second Chance Act, see Wires v. Bledsoe, No. 3:09cv2247, 2010 WL 427769, at *3-5 (M.D. Pa. Feb. 3, 2010) (finding compliance with Second Chance Act when inmate received individualized consideration consistent with five factors set forth in 18 U.S.C. § 3621); (Doc. 8 at 20-21), and it further appearing that neither party has objected to the magistrate judge's report and

recommendation,[1] and that there is no clear error on the face of the record,[2] see Nara v.

---

[1] On May 20, 2010, Rodriguez filed a motion (Doc. 10) for supplemental claim, wherein he reasserts the substantive bases underlying the petition for habeas corpus. Rodriguez specifically states that "[h]e does not wish to amend or relinquish his original claims," however, and the purpose of his motion is not altogether clear. Nonetheless, the court has reviewed this document and considered it in conjunction with the magistrate judge's report. Insofar as the motion (Doc. 10) is requesting some relief, it is denied. On June 8, 2010, Rodriguez also filed a motion (Doc. 14) for expedient decision, requesting expedited review of his petition. In light of the instant order denying Rodriguez's habeas petition, the motion (Doc. 14) for expedient decision is denied as moot. Finally, Rodriguez filed a motion (Doc. 13) for writ of mandamus on June 7, 2010, seeking immediate placement in a residential reentry center. A writ of mandamus is "a drastic remedy that a court should grant only in extraordinary circumstances in response to an act 'amounting to a judicial usurpation of power.'" Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (quoting Will v. United States, 389 U.S. 90, 95 (1967)). To obtain mandamus relief, a litigant must show that his or her entitlement to the writ is "clear and indisputable." Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992) (quoting Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976)). Rodriguez is unable to carry such a burden in the instant matter, for the Second Chance Act clearly affords the Bureau of Prisons discretion to place a prisoner into prerelease custody and fashion appropriate conditions for such custody when it is granted. See 18 U.S.C. § 3624(c). Therefore, Rodriguez's motion (Doc. 13) for a writ of mandamus is denied.

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 8) is ADOPTED.

2. The petition (Doc. 1) for habeas corpus is DISMISSED.

3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

4. The Clerk of Court is instructed to CLOSE this case.

                S/ Christopher C. Conner
                CHRISTOPHER C. CONNER
                United States District Judge